**MOORE, Admr. v. BLAUSER, Admr.**

Ohio Appeals, 5th Dist., Licking Co.

No. 1705. Decided Oct. 27, 1926

1271. **WILLS—Words in a will; "The control, use, possession, proceeds and income from all the balance of my property, real, personal, and mixed," does not allow a beneficiary to consume the corpus of the personal property.**

HOUCK, J.

The parties here are in reverse order. John W. Blauser, Administrator, brought this action in the Licking Common Pleas against James L. Moore, Administrator, to determine and construe Items 3 and 4 of the will of Alonzo Beem, deceased.

The items in question are in part—Item 3.— "I give, devise and bequeath to my said wife, Mary Beem, the control, use, possession, proceeds, and income from all the balance of my property, real, personal and mixed of every description that I may die seized of, wherever situated for and during her natural life, and should my said wife, at any time during her lifetime become an invalid and helpless, and the aforesaid use, income and proceeds from my said property should be insufficient for her comfortable support, then in that event, it is my will that my wife, Mary Beem, may sell any such portion of my real estate of which I die seized, that may be necessary for her comfortable support and apply the proceeds to her said support." Item 4—"After the death of my said wife, Mary Beem, having no children of my own, nor any adopted children, all the remainder and residue of my said property of whatever nature the same may be, after my said wife shall have received her said support therefrom as heretofore provided and the aforesaid devise to her absolutely as heretofore provided in this my will, I give, devise and bequeath as follows: etc."

The finding and judgment were in favor of Blauser and Moore brings this appeal in error claiming that the finding should have been in his favor. The Court of Appeals held:

1. In the interpretation and construction of the language used in a will, the rule is well settled that when the language is plain and the meaning obvious, courts are without power and have no right to qualify or control such language in any way by conjecture or doubt arising from extraneous facts.

2. The question to be determined is whether from the items mentioned, Mary A. Beem had the right to consume the corpus of the personal property, the contingency that she would become an invalid having never arisen.

3. The language here used is clear, definite and certain, and is in no way ambiguous or uncertain and the court is of the opinion that under the will Mary A. Beem had only the use and control of his personal estate and no right to the corpus.

Judgment affirmed.

(Shields, J., and Lemert, J., concur.)

Attorneys—Fitzgibbon, Montgomery & Black for Moore; Flory & Flory for Blauser; all of Newark.

Note—OS. Pend. will be found in 5 Abs. 60.

### No. 91

**KOSHIENSKI v. STATE**

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7210. Decided Jan. 17, 1927

Mauck, PJ., Sayre and Middleton, JJ., of the fourth district, sitting.

465. **ERROR—Where upon trial in a murder case, evidence of a confession is introduced through a witness other than the defendant, it is error for the trial judge to overrule questions of defendants' counsel which would tend to show the confession was not voluntary.**

480. **EVIDENCE—Where witness other than defendant through his testimony, introduces the confession of accused, such is not mere admission of guilt and requires preliminary proof that same was voluntary.**

MIDDLETON, J.

John Koshienski was convicted in the Cuyahoga Common Pleas of murder in the first degree with a recommendation of mercy. This is a proceeding in error, going to the exclusion of testimony by the trial court. The facts are, that one detective Funk had been working on the case, and had been largely responsible for bringing Koshienski to trial. Upon the witness stand, Funk through the qqueqsqtqiqonqqiqnqg of counsel, brought out almost verbatim a signed confession of Koshienski made before policemen. No objection was made to this testimony either by the state or Koshienski and the trial court was satisfied to let the evidence go to the jury without looking into its competency.

Thereupon counsel for Koshienski attempted to bring out the facts that the confession admitted in evidence was gotten by force, and duress. Questions put to both Koshienski and Funk relative to bringing this fact to the attention of the jury were objected to by the state and sustained. The Court of Appeals held:—

1. The counsel for the state argues that these admissions of Funk were mere admissions of guilt. This is not the case, they go much further than that, they are a complete confession of guilt and require preliminary proof that such confession was voluntary.

2. In weighing the confessions, the jury must take into consideration all the circumstances surrounding them, and under which they were made and also necessarily consider those facts upon which their admissibility, as having been voluntarily made. depends. 12 OA. 364.

3. For this reason the trial court committed error in sustaining the objections to counsel's questions prejudicial to a fair trial for Koshienski.

Judgment reversed.

(Mauck, PJ., and Sayre, J., concur.)

Attorneys—Victor Conrad; Henry DuLaurence and D. F. Anderson for Kishienski; E. C. Stanton and M. J. Meyer for State; all of Cleveland.